IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUSSELL A. MERINAR, | ) | No. C 13-5894 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| N. GRANNIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged deprivation was committed by a person acting under the color of state law. West v.
5  Atkins, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7      Plaintiff claims that he is attempting to reopen a previously filed federal civil rights case,
8  i.e., Merinar v. Grannis, No. 04-4003 JSW (N.D. Cal.).  In that case, Judge White granted in part
9  and denied in part defendants' motion for summary judgment.  On May 14, 2007, Judge White
10  referred the action to the pro se mediation program for possible settlement.  On September 5,
11  2007, after plaintiff failed to provide his contact information and otherwise failed to appear for
12  mediation, the court issued an order to show cause why the action should not be dismissed for
13  failure to prosecute.  On October 25, 2007, after having received no communication from
14  plaintiff, the court dismissed the action, and entered judgment.  Almost six years later, on June
15  13, 2013, plaintiff filed a "notice of apology" and request to re-open settlement proceedings.  On
16  January 14, 2014, Judge White construed plaintiff's notice of apology as a motion to re-open the
17  case, and denied the motion.

18      Thereafter, on December 19, 2013, plaintiff filed the underlying complaint.  In this
19  complaint, plaintiff refers to his complaint filed in Merinar v. Grannis, No. 04-4003 JSW (N.D.
20  Cal.), and requests that this court use the original pleadings in Merinar v. Grannis, No. 04-4003
21  JSW (N.D. Cal.).  However, plaintiff states that he does not have a copy of those pleadings.  It is
22  plaintiff's responsibility to state a claim for relief.  Plaintiff must do so without attempting to
23  incorporate pleadings from other cases.

24      At this point, the court has doubts about whether plaintiff's claims would be timely filed.
25  Nonetheless, plaintiff will be given leave to amend his complaint so that all of his allegations are
26  included in an amended complaint.  The amended complaint must include the caption and civil
27  case number used in this order (C 13-5894 RMW (PR)) and the words AMENDED
28  COMPLAINT on the first page. The amended complaint must indicate which specific, named

Order of Dismissal with Leave to Amend
P:\PRO-SE\RMW\CR.13\Merinar894dwla.wpd    2

1  defendant(s) was involved in each cause of action, what each defendant did, what effect this had
2  on plaintiff and what right plaintiff alleges was violated.  Plaintiff may not incorporate material
3  from the prior complaint by reference to it or the previous case.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. The amended complaint must include the caption and civil case number used in this order (C 13-5894 RMW (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.  Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile and this action will be dismissed.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants.

4. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\RMW\CR.13\Merinar894dwla.wpd        3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL ARLEN MERINAR et al,<br><br>　　　　　Plaintiff,<br><br>   v.<br><br>N. GRANNIS, et al,<br><br>　　　　　Defendant.<br>_____ / | Case Number: CV13-05894 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 8, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Russell A Merinar AP7744
B-3-27-4Low
Valley State Prison
PO Box 92
Chowchilla, CA 93610-0092

Dated: April 8, 2014

　　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　　　By: Jackie Lynn Garcia, Deputy Clerk