IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUSSELL A. MERINAR, | ) | No. C 13-5894 RMW (PR) |
| Plaintiff, | ) ) | ORDER DISMISSING CASE WITH LEAVE TO AMEND |
| v. | ) ) | |
| N. GRANNIS, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a California state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses the amended complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3  the alleged deprivation was committed by a person acting under the color of state law. West v.
4  Atkins, 487 U.S. 42, 48 (1988).

5  B.    Plaintiff's Claims

6    In general, plaintiff alleges that defendants were deliberately indifferent to his serious
7  medical needs.  Plaintiff has had severe mental health issues since before 2004.  In 2003,
8  plaintiff claims that defendants denied specialty medical services that plaintiff needed.  In
9  particular, plaintiff states that he needed immediate neurological care and treatment for a
10 fractured neck and fusion of his neck, yet defendants refused to give him that care and treatment.
11 As the complaint currently reads, plaintiff has failed to set forth a proper claim against the
12 named defendants.

13    Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the
14 plaintiff can show that the defendant's actions both actually and proximately caused the
15 deprivation of a federally protected right. Lemire v. Cal. Dept. of Corrections & Rehabilitation,
16 726 F.3d 1062, 1085 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
17 Although the federal rules require brevity in pleading, a complaint must be sufficient to give the
18 defendants "fair notice" of the claim and the "grounds upon which it rests." Erickson v. Pardus,
19 551 U.S. 89, 93 (2007) (citations omitted).  "While a complaint attacked by a Rule 12(b)(6)
20 motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to
21 provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a
22 formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must
23 be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly,
24 550 U.S. 544, 553-56 (2007) (citations omitted).  A defendant cannot be held liable simply based
25 on his membership in a group; rather, each individual defendant's participation in unlawful
26 conduct must be shown. Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding jury
27 instruction permitting jury to find individual liable as member of team, without any showing of
28 individual wrongdoing, is improper).

1          Here, plaintiff's amended complaint does not proffer what each specific defendant did or
2   did not do that ecwugf"rnckpvkhh)u"kplwt{. Plaintiff's allegations are broad sweeping
3   conclusions and do not set forth with particularity enough facts to give any defendant fair notice
4   of the claims against him or her. General claims that all defendants denied medical care for
5   plaintiff's neurological care are insufficient. Plaintiff will be given one more opportunity to
6   amend his complaint so that he may cure this deficiency. The second amended complaint must
7   include the caption and civil case number used in this order (C 13-5894 RMW (PR)) and the
8   words SECOND AMENDED COMPLAINT on the first page. The second amended complaint
9   must indicate which specific, named defendant(s) was involved in each cause of action, what
10  each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.
11  Plaintiff may not incorporate material from the prior complaints by reference.

## CONCLUSION

13         For the foregoing reasons, the court hereby orders as follows:
14         1.      Plaintiff's amended complaint is DISMISSED with leave to amend.
15         2.      The second amended complaint must include the caption and civil case number
16  used in this order (C 13-5894 RMW (PR)) and the words SECOND AMENDED COMPLAINT
17  on the first page. The second amended complaint must indicate which specific, named
18  defendant(s) was involved in each cause of action, what each defendant did, what effect this had
19  on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material
20  from the prior complaints by reference. If plaintiff files a second amended complaint, he must
21  allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to
22  relief under the applicable federal statutes. **Failure to file a second amended complaint within**
23  **thirty days and in accordance with this order will result in a finding that further leave to**
24  **amend would be futile and this action will be dismissed.**
25         3.      Plaintiff is advised that an amended complaint supersedes the original complaints.
26  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
27  in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
28  Defendants not named in an amended complaint are no longer defendants.

Order of Dismissal with Leave to Amend
P:\PRO-SE\RMW\CR.13\Merinar894dwla2.wpd         3

1       4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
2  court informed of any change of address by filing a separate paper with the clerk headed "Notice
3  of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
4  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
5  of Civil Procedure 41(b).

6       IT IS SO ORDERED.
7  DATED: _____                    */s/ Ronald M. Whyte*
                                          _____
8                                         RONALD M. WHYTE
                                          United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\RMW\CR.13\Merinar894dwla2.wpd        4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL ARLEN MERINAR et al,<br><br>      Plaintiff,<br><br>   v.<br><br>N. GRANNIS et al,<br><br>      Defendant.<br>_____/ | Case Number: CV13-05894 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 21, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Russell A Merinar AP7744
B-3-27-4Low
Valley State Prison
PO Box 92
Chowchilla, CA 93610-0092

Dated: August 21, 2014

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk